NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Jorge Villalpando-Luna, | No. 21-1192 |
| Petitioner, | Agency No.    A200-246-954 |
| v. | |
| Merrick B. Garland, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023**
Pasadena, California

Before: GILMAN,*** FORREST, and H.A. THOMAS, Circuit Judges.

Petitioner Jorge Villalpando-Luna, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' (BIA) denial of his motion to

reopen his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252.

Reviewing for abuse of discretion, *see Najmabadi v. Holder*, 597 F.3d 983, 986

---

\*        This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

(9th Cir. 2010), we deny the petition.

A motion to reopen must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). An exception to the 90-day time limit applies where the petitioner presents material evidence of "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered . . . [that] was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Agonafer v. Sessions*, 859 F.3d 1198, 1203–04 (9th Cir. 2017).

The BIA did not abuse its discretion in denying Villalpando-Luna's motion to reopen. The motion was untimely because it was filed over two years after the BIA's final order of removal. And the BIA correctly determined that the "changed country conditions" exception does not apply because Villalpando-Luna failed to show that the alleged "changed country conditions"—worsening conditions of crime in Mexico—are material to his claims that he will be targeted due to his family ties, his family's land ownership, or his status as a recent returnee to Mexico. As the BIA noted, Villalpando-Luna failed to show that "the increase in violence in Mexico may result in an individualized risk of persecution to him." Villalpando-Luna's evidence "lacks the [requisite] materiality" where it "simply recounts generalized conditions in [Mexico] that fail to demonstrate 'that h[is] predicament is appreciably different from the dangers faced by h[is] fellow citizens.'" *Najmabadi*, 597 F.3d at 990 (quoting *Singh v. INS*, 134 F.3d 962, 967

2

(9th Cir. 1998)).

Because Villalpando-Luna's "failure to introduce previously unavailable, material evidence" is independently dispositive of his motion to reopen, *see id.* at 986, we do not address the BIA's separate conclusion that Villalpando-Luna failed to establish prima facie eligibility for relief.

**PETITION DENIED.**[1]

---

[1]The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.